UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Case No: 2:03-cv-481-FtM-33SPC

TRACT J17-18, 2.50 acres of land, more or less in Collier County, Florida, Maryanne Gaquin, et al.,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court on review of the file. On August 20, 2003, the Government filed a Complaint in condemnation pursuant to a declaration of taking in this eminent domain action. (Doc. # 1). The Government deposited $1,900.00 into the Court's registry on August 20, 2003. (Doc. # 4). On June 30, 2005, the Court entered an Order pursuant to a bench trial to determine just compensation and determined that just compensation was $760.00 an acre for a total of $1,900.00. (Doc. # 35).

    On August 25, 2006, the Government filed multiple Motions for Disbursement of Funds, including one on behalf of applicant Maryanne Gaquin. (Doc. ## 39-43). On October 4, 2006, a corrected version of Gaquin's application was filed. (Doc. # 47). On December 20, 2006, the Court issued an Order disbursing all funds

on deposit in this case. As to Maryanne Gaquin, the Court sent a check in the amount of $941.00. (Doc. # 52).

The Clerk of Court has advised the undersigned that the check was never cashed. Notably, in the Court's June 30, 2005 Order, the Court explained:

> [I]n the event that the just compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

(Doc. # 35 at ¶ 10). Considerably more than 5 years have passed, and the funds at issue are due to be returned to the United States of America via the National Park Service pursuant to the Court's Order. However, in the interests of fairness, the Court will allow Gaquin one final opportunity to explain what happened to the check. The Court has previously determined that Gaquin is entitled to the money, so it is not necessary for her to fill out an additional application for the funds. However, if she requests that the check be re-issued to her, she must file a statement with the Court explaining the circumstances.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Clerk shall mail a copy of this Order to Maryanne Gaquin.

2. In the event that Gaquin maintains a claim to the funds at issue – $941.00 – she is directed to file a statement with the Court outlining the relevant circumstances by **January 8, 2016.** In the instance that Gaquin fails to respond to this Order, the Court will direct the Clerk to disburse the remaining funds on deposit to the National Park Service.

**DONE** and **ORDERED** at Fort Myers, Florida, this __8th__ day of December, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

Maryanne Gaquin
18 Taff Road,
Milton, MA 02186